UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL WEBB | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-CV-00813 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| SINAI CHICAGO HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

In early 2023, Darryl Webb sued his former employer, Sinai Health System, alleging that it had discriminated and retaliated against him. R. 9, Compl.[1] Though it is not entirely clear from his Complaint, Webb seems to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the False Claims Act, 31 U.S.C. § 3730; and the Criminal Antitrust Anti-Retaliation Act, 15 U.S.C. § 7a-3. *See id.*; R. 23, Resp. Br. at 2–4. Sinai now moves to dismiss, arguing that Webb fails to offer any basis for subject matter jurisdiction and fails to state a claim for relief. R. 20, Mot. at 1–2. Sinai is correct. Because the Complaint is devoid of any factual allegations supporting his claims, Webb's lawsuit does not even engage the Court's jurisdiction. The motion to dismiss is thus granted.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(1) motion, the petitioner must establish that the district court has subject matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *Id.*

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis

Darryl Webb brought this suit against his former employer, Sinai Health System, alleging that it had retaliated and discriminated against him. Compl. Sinai now moves to dismiss the Complaint, arguing that Webb fails to provide a basis for subject matter jurisdiction and fails to state a claim. Mot. at 1–2. Sinai is correct on both fronts. Because the two arguments overlap somewhat, the Court will address them together.

"A district court has federal question jurisdiction only if the complaint shows, on its face, that a federal claim is sufficiently substantial." *Johnson v. Orr*, 551 F.3d 564, 570 (7th Cir. 2008) (cleaned up). "Thus, if a claim that purportedly arises under a federal statute is wholly insubstantial and frivolous, then the court must dismiss

that claim for lack of subject matter jurisdiction." *Id.* (cleaned up). Put differently, a "suit that is utterly frivolous does not engage the jurisdiction of the federal courts." *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010). That is the case here: as currently pleaded, Webb's Complaint is frivolous and must be dismissed.

The Complaint contains almost no factual allegations that would support a claim capable of conferring subject matter jurisdiction on the Court. In fact, it is unclear from the face of the Complaint what claims Webb actually intends to bring. He uses the District Court standard form Complaint for employment discrimination claims and alleges that Sinai "failed to hire" him, "terminated [his] employment," "failed to stop harassment," and "retaliated against" him. Compl. ¶ 12. He then asserts that he "took a protected action," that Sinai "took an adverse action against" him, and that the "initial protected activity caused the final subsequent adverse action of termination." *Id.* ¶ 13. But those statements are the only facts alleged in the Complaint (and they are more conclusory than factual). Webb does not provide any specifics on how the discrimination and retaliation occurred, nor does he identify a protected characteristic or action that triggered the adverse actions. *See* Compl. Without more, Webb's vague allegations of discrimination and retaliation do not support a federal claim that would give the Court jurisdiction.

In his response brief, Webb explains that he is bringing his employment discrimination claim under Title VII of the Civil Rights Act of 1964. Resp. Br. at 2–3. He also alleges there that he started facing discrimination and retaliation because he notified one of his supervisors that a technology vendor was overcharging Sinai for

4

its services. *Id.* at 3. But even if these details had been properly pleaded in the Complaint, they still would not have given rise to a proper federal claim. To state a Title VII discrimination claim, Webb must allege that Sinai discriminated against him because of his "race, color, religion, sex, or national origin." *Moranski v. General Motors Corp.*, 433 F.3d 537, 540 (7th Cir. 2005) (quoting 42 U.S.C. § 2000e–2(a)). And to state a Title VII retaliation claim, he must allege that Sinai retaliated against him because he "opposed a[ ] practice made an unlawful employment practice" by Title VII. *Drake v. Minn. Mining and Mfg. Co.*, 134 F.3d 878, 884 (7th Cir. 1998) (quoting 42 U.S.C.§ 2000e–3(a)). Webb makes no such allegations. He does not identify a protected characteristic or activity that caused the discrimination and retaliation he allegedly faced. *See* Compl. And notifying a supervisor of a bad business deal is not protected under Title VII. Webb does not state a Title VII claim.

Somewhat puzzlingly, Webb—despite using a form Complaint for employment discrimination—also states that he is suing Sinai under the False Claims Act. Compl. ¶ 13. But none of the alleged facts in the Complaint supports or aligns with a claim under that statute. To state a False Claims Act whistleblower or retaliation claim, Webb must demonstrate that Sinai "'knowingly present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval" to the United States government. 31 U.S.C. § 3729(a)(1). And he must also show that Sinai then discriminated against him because he engaged in "investigation, inquiries, and/or testimony" that "were directed at exposing [that] fraud upon the government." *Luckey v. Baxter Healthcare Corp.*, 2 F. Supp. 2d 1034, 1050 (N.D. Ill. 1998). Again, Webb's allegations

5

do not come close to meeting these standards. He merely alleges that he "took a protected action that the employer was aware of" and that this caused his termination. Compl. ¶ 13. But the Complaint does not specify what that protected action was. *See* Compl. And even considering the allegations in his brief does not help him. Webb never asserts that Sinai submitted a fraudulent claim to the government. *See* Resp. Br. Instead, he says that he discovered and reported that Sinai was overpaying a private company vendor. *Id.* at 3. By reporting a bad business deal between private companies, Webb was not exposing fraud upon the government. So he did not engage in a protected activity and fails to properly state a False Claims Act claim.

Finally, Webb hints that he is bringing a claim under the Criminal Antitrust Anti-Retaliation Act. But that Act is even further removed from the allegations in the Complaint than Title VII and the False Claims Act are. Webb's allegations contain nothing about possible antitrust violations or investigations involving Sinai. *See* Compl. And Sinai allegedly overpaying a vendor has nothing to do with antitrust law. So again, Webb does not state a claim. In sum, because he provides no facts to substantiate any of his alleged federal claims, Webb's lawsuit is frivolous and does not engage the Court's jurisdiction.

It is worth noting that although the Court considers attachments to the Complaint as part of the Complaint for the purposes of this motion to dismiss, Fed. R. Civ. P. 10(c), Webb's attachments do not save his claims. Webb attached a seemingly random assortment of more than 100 pages of documents—including correspondence between him and his coworkers, letters from the Department of Labor, and vendor

invoices. *See* Compl.; R. 9-1, Exhs. But he has provided the Court with no explanation, context, or guidance regarding these attachments and how they support his claims. *See* Compl. Though the Court is willing to consider relevant and helpful attachments, it is not the Court's role to sift through hundreds of pages of exhibits to tease out Webb's claims. So even accounting for the Complaint attachments, Webb fails to demonstrate that the Court has subject matter jurisdiction, and he fails to state a claim. Sinai's motion to dismiss is thus granted.

## IV. Conclusion

Sinai's motion to dismiss, R. 20, is granted. But the dismissal is without prejudice, so Webb has one chance to amend his Complaint to engage the Court's jurisdiction and to properly state a claim for relief.

ENTERED:

　　　s/Edmond E. Chang　　　
Honorable Edmond E. Chang
United States District Judge

DATE: March 20, 2025