# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DARRYL WEBB,

      Plaintiff,

      v.

SINAI CHICAGO HOSPITAL,

      Defendant.

No. 1:23-CV-00813

Judge Edmond E. Chang

## ORDER

In the Third Amended Complaint, R. 68, as best as can be discerned, Darryl Webb purports to bring claims under Illinois law. R. 68 ¶ 5. But Webb does not plead that diversity jurisdiction applies. Under diversity jurisdiction, federal courts have jurisdiction over civil actions brought between citizens of different states and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Webb alleges that he is an Illinois "resident." Third Am. Compl. ¶ 1, which is not necessarily the same as citizenship. But given the allegations that stretch back to 2019, when he was employed in Chicago, *id.* ¶ 3, Webb presumably means that he is an Illinois citizen for diversity-jurisdiction purposes. He also alleges that Sinai Chicago Hospital has a principal place of business in Chicago. *Id.* ¶ 2. So there is no diversity of citizenship.

Federal courts do have jurisdiction over cases presenting a federal law question. 28 U.S.C. § 1331. But the Third Amended Complaint itself does not refer to federal law. It was only later, in his response brief to the dismissal motion, that Webb tried to assert a False Claims Act retaliation claim. R. 83, Pl.'s Resp. Br. at 2. But new claims may not be added through a response brief. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss …."). So the current operative complaint must be dismissed for lack of subject matter jurisdiction over purely state law claims in a non-diverse case.

Given Webb's *pro se* status, the Court will give him one final chance to file a viable complaint. If he wants to try to assert a False Claims Act retaliation claim, then he shall file a Fourth Amended Complaint by **April 27, 2026**. (He may include supplemental state law claims in the filing.) But Webb must consider whether he genuinely can adequately state a retaliation claim. There are several required elements of that type of claim, and he must adequately plead each and every one of them.

Under the False Claims Act, an employee may be entitled to relief if he or she "is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done … in furtherance of an action" under the False Claims Act. 31 U.S.C. § 3730(h)(1). For a retaliation claim to survive dismissal, a plaintiff must adequately plead that "(1) the employee's actions were in furtherance of a FCA [False Claims Act] action or preventing a FCA violation (protected conduct requirement); (2) the employer knew the employee engaged in protected conduct (notice requirement); and (3) the employer took a retaliatory action in response." *Lewis v. AbbVie Inc.*, 152 F.4th 807, 813 (7th Cir. 2025).

It is true that filing a *qui tam* action on behalf of the government is not a prerequisite to bringing a retaliation claim under § 3730(h), *Neal v. Honeywell Inc.*, 33 F.3d 860, 863–64 (7th Cir. 1994), *abrogated on other grounds by Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409 (2005), but the False Claims Act "does not … protect an employee who just imagines fraud without proof." *Fanslow v. Chicago Mfg. Ctr., Inc.*, 384 F.3d 469, 481 (7th Cir. 2004). To determine whether a former employee engaged in protected conduct, courts ask whether "(1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government." *United States ex rel. Uhlig v. Fluor Corp.*, 839 F.3d 628, 635 (7th Cir. 2016). Acts that may be "in furtherance of … efforts to stop" False Claims Act violations include "reporting or complaining of suspected misconduct to supervisors, internally investigating suspected misconduct, voicing concerns about noncompliance with a company's legal obligations, or other actions intended and reasonably expected to prevent suspected misconduct." *Makela v. Apex Hospice and Palliative Care, Inc.*, 2025 WL 343464, at *3 (N.D. Ill. Jan. 30, 2025); *see also United States ex rel. Sibley v. Univ. of Chi. Med. Ctr.*, 44 F.4th 646, 662–63 (7th Cir. 2022); *Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 848 (7th Cir. 2012).

With these parameters in place, the Third Amended Complaint is dismissed. If Webb believes that he can file a viable amended complaint, then it is due by **April 27, 2026**. As previously ordered (with slight modification), to prevent disclosure of personally identifiable information, R. 69, Webb must email a copy of the proposed filing to defense counsel by **April 15, 2026.** Defense counsel shall respond to the Webb by **April 20, 2026**.

ENTERED:


s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge


DATE: March 30, 2026

3